IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD MENDEZ,** : | **CIVIL NO. 1:CV-06-1503** |
| Petitioner : | |
| : | |
| v. : | |
| : | |
| **ALBERTO GONZALES,** : | |
| **United States Attorney General,** : | |
| Respondent : | |

# **O R D E R**

On August 2, 2006, the captioned petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. It appears that Petitioner seeks a stay of removal.

On May 11, 2005, the Real I.D. Act of 2005 was signed into law. Pub. L. No. 109-113 (May 11, 2005). Section 106 of the Real I.D. Act of 2005 amends section 242 (8 U.S.C. § 1252) of the Immigration and Nationality Act (INA) so as to remove jurisdiction from federal district courts to hear habeas petitions challenging final orders of removal and to transfer such cases to the appropriate court of appeals as a petition for review. Real I.D. Act § 106(a)(1) (adding INA § 242(a)(4) (to be codified at 8 U.S.C. § 1252(a)(4)).

The proper venue for a petition of review is the court of appeals for the judicial circuit in which the immigration judge completed the petitioner's proceedings. 8 U.S.C. § 1252(b)(2). Petitioner's removal order was issued by an

immigration judge in York, Pennsylvania.  Thus, the appropriate court of appeals for transfer of this action is the United States Court of Appeals for the Third Circuit.

**IT IS THEREFORE ORDERED THAT** the Clerk of Court shall transfer the captioned case to the United States Court of Appeals for the Third Circuit and close the file in this district court.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  August 9, 2006.